UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HORUS VISION, LLC, a California limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>APPLIED BALLISTICS, LLC, a Michigan limited liability company, and APPLIED BALLISTICS, INC., an Indiana corporation,<br><br>Defendants. | Case No.   5:13-cv-05460-BLF-HRL<br><br>**ORDER GRANTING MOTION FOR LEAVE TO AMEND PLAINTIFF'S INFRINGEMENT CONTENTIONS AND DENYING AS MOOT MOTION TO APPEAR BY TELEPHONE**<br><br>[Re:   Dkt. Nos. 32, 41] |

Plaintiff's motion for leave to amend infringement contentions has been referred to the undersigned for disposition.[1] This patent infringement suit relates to a method of aiming a firearm with a scope using a computer program. Plaintiff Horus Vision, LLC ("Horus") seeks leave to amend its infringement contentions to include an explicit list of reticles[2] that Horus believes infringes its patent when used with two of defendants' software programs. Dkt. No. 32.

Horus's original infringement contentions, served April 2, 2014, accused two Applied Ballistics software programs of infringement when used with "a target acquisition device such as a

---

[1] The court deems this motion suitable for a decision on the papers. Civ. L. R. 7-1(b). Accordingly, Horus's motion to appear at the hearing by telephone, Dkt. No. 41, is denied as moot.
[2] Horus explains (colloquially, not for purposes of claim construction), that a reticle is a "series of markings, like gridlines, in the eyepiece of a rifle scope that help the viewer reference the field of view seen when looking through the rifle scope." Dkt. No. 32 at 2.

1  Horus Vision rifle scope." Dkt. No. 32-2 at 3, 10. Horus's proposed amended contentions, served
2  April 22, 2014, list 88 possible reticles for use with Applied Ballistics' accused programs. Dkt.
3  No. 32-5 at 10.
4        Patent Local Rule 3-6 allows the parties to amend their infringement contentions only "by
5  order of the Court upon a timely showing of good cause."
6        Horus has good cause to amend its infringement contentions because the amendments do
7  not change the theory of infringement and simplify issues for trial. As Horus repeatedly
8  emphasizes in its brief, the Applied Ballistics software products being accused remain the same,
9  and the use of different reticles or scopes with the Applied Ballistics software is likely to involve
10 overlapping factual and legal issues.
11       Although it does appear that Horus could have listed all 88 reticles in its original
12 contentions, suggesting a lack of diligence, Applied Ballistics is not prejudiced by the amendment
13 because it is early in the case and the amendments were proposed less than 3 weeks after service
14 of the original preliminary infringement contentions. The amendment was also made in response
15 to Applied Ballistics' concerns about the original contentions, Dkt. No. 32 at 6, although that is
16 not to say that Applied Ballistics invited or consented to Horus's expanded list of reticles.
17       In the end, Applied Ballistics has suffered no prejudice from the 20-day difference in
18 infringement contentions, and Horus's amended infringement contentions contain the same theory
19 of infringement, only laid out in more explicit detail,[3] than the original preliminary infringement
20 contentions. Allowing Horus to amend its infringement contentions does not conflict with the
21 central purpose of the Local Rule—to "require parties to crystallize their theories of the case early
22 in litigation and to adhere to those theories once they have been disclosed." *O2 Micro Int'l Ltd. v.*
23 *Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1366 n. 12 (Fed. Cir. 2006). Accordingly, the court
24 GRANTS the motion for leave to amend.

---

[3] The court expresses no opinion on the adequacy of the amended infringement contentions, which Applied Ballistics suggests are lacking. *See, e.g.,* Dkt. No. 36 at 13.

2

SO ORDERED.

Dated: June 23, 2014

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

3