1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                       NORTHERN DISTRICT OF CALIFORNIA

10                              SAN JOSE DIVISION

11

12   HORUS VISION, LLC, a California limited        Case No.  5:13-cv-05460 BLF (HRL)
     liability company,

13                  Plaintiff,                      **ORDER GRANTING IN PART AND
                                                    DENYING IN PART DEFENDANTS'
14             v.                                   MOTION FOR LEAVE TO AMEND
                                                    INVALIDITY CONTENTIONS**
15   APPLIED BALLISTICS, LLC, a Michigan
     limited liability company, and APPLIED         [Re:  Dkt. 68]
16   BALLISTICS, INC., an Indiana corporation,

17                  Defendants.

18          Plaintiff Horus Vision, LLC (Horus) sues for alleged patent infringement.  The patent-in-

19   suit pertains to a method of aiming a firearm with a scope using a computer program.  Defendants

20   Applied Ballistics, LLC and Applied Ballistics, Inc. (collectively, Applied Ballistics) served their

21   invalidity contentions on May 19, 2014.  They now move for leave to amend those contentions to

22   add several proposed prior art references, as well as arguments re patentable subject matter, 35

23   U.S.C. § 101, and enablement, 35 U.S.C. § 112.  Horus stipulates that defendants may amend their

24   contentions to include four references that plaintiff acknowledges could be hard to find, even after

25   a diligent search.[1]  But, Horus otherwise opposes defendants' motion.  The matter is deemed

26

27   ──────────────
     [1] Plaintiff identifies the stipulated references as follows:  Barrett Firearms Manufacturing Inc.
28   drawing (HORUS036828 and 39445); Pride and Fowler drawing (HORUS036888); Swarovski
     TDS 4 reticle (HORUS036891); and Premier Reticles catalog (HORUS039422-44).

United States District Court
Northern District of California

1   suitable for determination without oral argument, and the December 9, 2014 hearing is vacated.

2   Civ. L.R. 7-1(b).  Upon consideration of the moving and responding papers, and for the reasons

3   discussed below, the motion is granted in part and denied in part.

## LEGAL STANDARD

5   This district's Patent Local Rules provide that invalidity contentions may be amended

6   "only by order of the Court upon a timely showing of good cause."  Patent L.R. 3-6.  Good cause

7   "requires a showing of diligence."  O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc., 467 F.3d

8   1355, 1366 (Fed. Cir. 2006).  Circumstances that may, absent undue prejudice to Horus, support a

9   finding of good cause include "[r]ecent discovery of material prior art despite earlier diligent

10   search" or "[r]ecent discovery of nonpublic information about the Accused Instrumentality which

11   was not discovered, despite diligent efforts, before the service of the Infringement Contentions."

12   Patent L.R. 3-6(b) & (c).  The burden is on Applied Ballistics to establish diligence rather than on

13   Horus to establish a lack of diligence.  O2 Micro Int'l, 467 F.3d at 1366.  If the court finds that

14   Applied Ballistics was not diligent, then it need not consider the question of prejudice to Horus,

15   although the court may, in its discretion, choose to do so.  Id. at 1368.  That is because, "[u]nlike

16   the liberal policy for amending pleadings, the philosophy behind amending claim charts is

17   decidedly conservative, and designed to prevent the 'shifting sands' approach to claim

18   construction."  LG Electronics Inc. v. Q-Lity Computer Inc., 211 F.R.D. 360, 367 (N.D.Cal.2002)

19   (citation omitted); see also Trans Video Elecs., Ltd. v. Sony Elecs, Inc., 278 F.R.D. 505, 509-10

20   (N.D. Cal. 2011) (stating that prejudice is not a requirement under Patent L.R. 3-6, and the failure

21   to demonstrate diligence alone bars relief).

## DISCUSSION

23   Preliminarily, the court notes that it does not find persuasive defendants' repeated assertion

24   that the instant motion should be granted because plaintiff's prior motion to amend its

25   infringement contentions was granted.  Whether defendants have good cause and were diligent

26   turns on facts underlying the instant motion, not plaintiff's prior one.  Defendants emphasize that,

27   on plaintiff's motion to amend, this court noted that plaintiff could have listed the additional

28   reticles in its original contentions, but granted leave to amend anyway because there was no

United States District Court
Northern District of California

2

1    prejudice to defendants.  There was more to this court's ruling on that prior motion than

2    defendants suggest.  As stated in its order, this court found that plaintiff established good cause

3    because the amendments were proposed only 20 days after the original infringement contentions

4    were served; they were made in response to defendants' stated concerns that the original

5    contentions required additional detail; and, they did not change the theory of infringement---if

6    anything, they provided greater detail about plaintiff's contentions and therefore were entirely

7    consistent with Patent L.R. 3-6's central purpose of parties to crystallize their theories early in the

8    litigation.  (Dkt. 42).

9            For the reasons discussed below, the court finds that defendants have failed to establish

10   good cause to amend here.

11       **A. § 101 Defense**

12           Applied Ballistics would like to amend its contentions to include an argument that the

13   patent claims cover ineligible subject matter under 35 U.S.C. § 101[2]---namely, that the "claims

14   attempt to cover the abstract idea of a method for shooting a target and add nothing more than

15   conventional means for doing so."  (Dkt. 69, Tyler Decl. Ex. 8 at 6 (Proposed Amended Invalidity

16   Contentions)).  Defendants contend that they have good cause for this amendment in view of the

17   U.S. Supreme Court's decision in Alice Corp. Pty. Ltd. v. CLS Bank Int'l, 134 S. Ct. 2347 (2014).

18           Applied Ballistics failed to meet-and-confer about this proposed amendment before filing

19   the instant motion.  Indeed, Horus says that it was not until *after* this motion was filed that

20   defendants advised that they wished to add a § 101 defense.  Defendants contend that denying

21   their motion on this procedural ground would be unfair when it is apparent that Horus would not

22   have agreed to the amendment anyway.  This court does not condone defendants' failure to meet-

23   and-confer beforehand.  But, even if the undersigned were to excuse their procedural misstep, the

24

25   _____

26   [2] Section 101 of the Patent Act provides that the scope of patentable subject matter includes "any
     new and useful process, machine, manufacture, or composition of matter, or any new and useful
     improvement thereof."  Under long-standing precedent, however, § 101 "'contains an important
     implicit exception:  Laws of nature, natural phenomena, and abstract ideas are not patentable.'"
27   Alice Corp. Pty. Ltd. v. CLS Bank Int'l,  134 S. Ct. 2347, 2354 (2014) (quoting Association for
     Molecular Pathology v. Myriad Genetics, Inc., 569 U.S. ---, ---, 133 S. Ct. 2107, 2116, 186
28   L.Ed.2d 124 (2013)).

United States District Court
Northern District of California

1    way in which this issue was presented to this court suggests that defendants sought to add a § 101

2    defense as a hasty afterthought and in a manner inconsistent with their claimed diligent study of

3    the patent-in-suit.

4         Moreover, to demonstrate good cause for the amendment, Applied Ballistics must show

5    that Alice changed the law in such a way as to make available a defense that previously was

6    unavailable. Synopsys, Inc. v. Mentor Graphics Corp., No. C12-06467 MMC (DMR), 2014 WL

7    4760362 at *4 (N.D. Cal., Sept. 24, 2014).  Defendants say only that Alice is a significant

8    decision, but they do not explain why it made a § 101 defense newly available here.[3]  Nor do they

9    say why they waited over four months after the opinion issued to even tell Horus about the

10   defense.  Defendants' showing is particularly unconvincing when the record demonstrates that

11   they previously asserted a § 101 defense in their answer (Dkt. 27 at 4), but then later dropped it

12   from their amended answer (Dkt. 31 at 4-8).  Now they want it back in via amended invalidity

13   contentions, without providing good cause for doing so.  This is the "shifting sands" approach that

14   Patent L.R. 3-6 was designed to prevent.  The motion to add the § 101 defense is denied.

15   **B.  § 112 Argument**

16        Applied Ballistics has asserted an enablement defense, and the original invalidity

17   contentions include arguments re lack of enablement.  Defendants now want to amend their

18   contentions to add a new enablement argument---essentially, that the patent-in-suit does not enable

19   certain claims by disclosing how to make a ballistics computer program that uses all of the sub-

20   elements or inputs listed in each of the claims.  (See Dkt. 69, Tyler Decl., Ex. 8 at 6:6-7 and 6:11-

21   12).  To be enabling, a patent specification must teach those skilled in the art how to practice the

22   claimed invention without undue experimentation.  Cephalon, Inc. v. Watson Pharmaceuticals,

23   Inc., 707 F.3d 1330, 1336 (Fed. Cir. 2013).  "Determining whether a specification contains an

24   adequate written description requires an 'objective inquiry into the four corners of the

25

26   [3] Alice itself indicates that the Supreme Court was applying the longtime exception to § 101
     patentability. See Alice, 134 S. Ct. at 2354 ("We have interpreted § 101 and its predecessors in
27   light of this exception for more than 150 years."); see also Open Text S.A. v. Alfresco Software
     Ltd., No. 13-cv-04843 JD, 2014 WL 4684429 at *4 (N.D. Cal., Sept. 19, 2014) ("The Supreme
28   Court recently reiterated the longstanding rule---and the basis for the abstract idea exception to
     patent eligibility---that 'an idea of itself is not patentable.'") (quoting Alice, 134 S. Ct. at 2355)).

United States District Court
Northern District of California

1    specification from the perspective of a person of ordinary skill in the art.'"  Barco N.V. v.

2    Technology Properties Ltd., No. 5:08-cv-05398 JF, 2011 WL 3957390 at *2 (N.D. Cal., Sept. 7,

3    2011) (quoting Ariad Pharms. v. Eli Lilly & Co., 598 F.3d 1336, 1351 (Fed.Cir.2010)).  Thus,

4    enablement defenses generally turn on the patent specification itself.  Id.  Horus argues that

5    defendants were not diligent with respect to this new enablement argument because they could

6    have asserted it in their original contentions along with their other enablement arguments.  See,

7    e.g., Par Pharmaceutical, Inc. v. Takeda Pharmaceutical Co., Ltd., No. 5:13-cv-01927 LHK (PSG),

8    2014 WL 3704819 at *3 (N.D. Cal., July 23, 2014) (denying motion to amend where defendants

9    had the predicate information for the proposed § 112 amendments months before they sought

10   leave to amend); Barco, 2011 WL 3957390 at *2 (denying leave to amend where the patent

11   specifications were known to the movant well before it served its invalidity contentions and the

12   movant "challenge[d] other aspects of the written descriptions of the patents-in-suit, but it brought

13   no challenge with respect to the . . . theory it advances now.").  Indeed, by Applied Ballistics' own

14   account, they have been assiduously studying the patent for well over a year.  They do not offer an

15   explanation of good cause, arguing only that their motion should be granted because plaintiff's

16   prior motion to amend was granted.  (See Dkt. 72, Reply at 4:10-13).  As discussed, this court

17   does not find that argument persuasive.  The motion to amend to add the new § 112 argument is

18   denied.

19       **C.  Prior Art References**

20           With respect to the "Tradoc Bulletin," this court is told that it is a publicly available

21   document, and defendants say only that it was "identified through client recollection."  (Dkt. 68 at

22   8 n.4; Dkt. 69, Tyler Decl. at 6).  This cursory statement is insufficient to establish good cause.

23   The motion with respect to the Tradoc Bulletin is denied.

24           As for the remaining references, defendants say that since July 2013, they have studied the

25   patent and analyzed prior art, both independently and with the assistance of a third-party search

26   firm, but did not discover these references until they reviewed documents produced by Horus in

27   July 2014.  Applied Ballistics points out that their discovery requests (some of which related to

28   prior art) were served in March 2014.  Defendants argue that if Horus had produced its documents

United States District Court
Northern District of California

United States District Court
Northern District of California

1   sooner, the instant motion may not have been necessary; and, they maintain that "they acted with

2   diligence in promptly moving to amend when new evidence [was] revealed in discovery."

3   Verinata Health, Inc. v. Ariosa Diagnostics, Inc., No. C12-05501 SI, 2014 WL 1648175 at *2

4   (N.D. Cal., Apr. 23, 2014) (citation omitted).

5          However, "[t]he critical issue is not *when* [defendants] discovered this information, but

6   rather, whether they *could have* discovered it earlier had [they] acted with the requisite diligence.

7   The answer is 'yes.'" Google, Inc. v. Netlist, Inc., No. C08-4144 SBA, 2010 WL 1838693 at *2

8   (N.D. Cal., May 5, 2010).  The problem for Applied Ballistics is that all of these references are

9   listed either on the face of the patent-in-suit or one of its continuation patents.  Thus, despite

10  Applied Ballistics' complaints about the timing of plaintiff's document production, defendants

11  need not have looked further than Horus' complaint, which appends a copy of the patent-in-suit, to

12  learn about these references.  Indeed, as discussed, defendants say that they have been studying the

13  patent-in-suit since before this action was filed.  Defendants' belated recognition of references

14  cited in the patent-in-suit does not provide a good cause basis for amendment.[4]  Even so, this court

15  will, in its discretion, grant leave to amend as to these references solely because they are matters

16  with which plaintiff is familiar and successfully overcame in patent prosecution---although, under

17  different circumstances, the court might agree that plaintiff's awareness of a reference would not

18  cure any prejudice.[5]

19

20  [4] See, e.g., Catch a Wave Technologies, Inc. v. Sirius XM Radio, Inc., No. C12-05791 WHA,
    2014 WL 186405 at *2 (N.D. Cal., Jan. 16, 2014) (denying leave to amend where "the asserted

21  patent on its face cites another patent which cited the [prior art] reference."); L.C. Eldridge Sales
    Co. Ltd. v. Azen Mfg. Pte. Ltd., No. 6:11cv599, 2013 WL 7937026 at *4 (E.D. Tex., Oct. 11,

22  2013) (denying leave to amend where the reference in question was listed on the face of the
    patent); Nano-Second Technology Co., Ltd. v. Dynaflex Int'l, No. CV 10-9176 RSWL (MANx),

23  2012 WL 2077253 (C.D. Cal., June 6, 2012) (applying the Northern District of California Local
    Patent Rules and denying leave to amend where the prior art reference was cited in the patent);

24  Brilliant Instruments, Inc. v. Guidetech, Inc., No. C09-5517 CW, 2011 WL 1628017 at *2 (N.D.
    Cal., Apr. 29, 2011) (denying leave to amend where the prior art reference was cited in a patent

25  that the moving party knew of and believed to be relevant prior art).

26  [5] See, e.g., Volterra Semiconductor Corp. v. Primarion, Inc., 796 F. Supp.2d 1025, 1043 (N.D.
    Cal. 2011) (at the summary judgment stage, sustaining objections to references that defendants

27  knew about early in the case, but failed to include in their invalidity contentions); CBS Interactive,
    Inc. v. Etilize, Inc., 257 F.R.D. 195, 203 (2009) (denying leave to amend where trial was two

28  months away); West v. Jewelry Innovations, Inc., No. C07-01812 JF, 2008 WL 4532558 (N.D.
    Cal., Oct. 8, 2008) (at the post-Markman stage, denying leave to amend where discovery would

United States District Court
Northern District of California

1

# ORDER

2    Based on the foregoing, Applied Ballistics' motion for leave to amend their invalidity

3  contentions is GRANTED as to the stipulated references and the additional references that are

4  listed on the patent-in-suit or one of its continuation patents, but is otherwise DENIED in all other

5  respects.

6    **SO ORDERED**.

7  Dated:   December 5, 2014

8  _____

9  HOWARD R. LLOYD
   UNITED STATES MAGISTRATE JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

close in less than 40 days).

7

1    5:13-cv-05460-BLF Notice has been electronically mailed to:

2    Clement S. Roberts     croberts@durietangri.com, docketing@durietangri.com,

3    jcotton@durietangri.com

4    Daniel Jedediah Knauss     dknauss@cooley.com, patricia.russell@cooley.com

5    David Alan Casimir     dacasimir@casimirjones.com

6    Heidi Lyn Keefe     hkeefe@cooley.com, jmcintosh@cooley.com

7    Lynn C. Tyler     lynn.tyler@btlaw.com, cstamas@btlaw.com, lroberts@btlaw.com

8    Sarah Butler Whitney     swhitney@cooley.com, patricia.russell@cooley.com

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*United States District Court*
*Northern District of California*

8